UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE ESTATE OF VIVIAN MAIER, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JEFFREY GOLDSTEIN, an ) <br> individual, VIVIAN MAIER ) <br> PRINTS, INC., an Illinois ) <br> corporation, ) <br> ) <br> Defendants. ) <br> ) | Case No. 17 c 2951 <br><br> JURY TRIAL DEMANDED |

**PROPOSED ORDER GRANTING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**

This matter comes before the Court on The Estate of Vivian Maier's ("Plaintiff") Motion for a Temporary Restraining Order. Upon consideration of the Motion, Plaintiff's Verified Complaint, and the Declaration of James E. Griffith, the Court hereby grants such Motion and finds and concludes as follows:

**FINDINGS AND CONCLUSIONS**

1. The Court finds that Plaintiff is the owner of the copyrights in Vivian Maier photographs, film negatives, prints, letters, and all other works authored by Vivian Maier.

2. The Court finds that Defendants have, without Plaintiff's consent, engaged in the copying, public exhibition, and commercial exploitation of the unpublished, copyrighted photographs of Vivian Maier.

3. The Court finds that Plaintiff is likely to prevail on its claims for copyright infringement and equitable easement.

4. The Court finds that Plaintiff will suffer immediate, irreparable injury, for which Plaintiff does not have an adequate remedy at law, if Defendants assign, sell, or transfer original Maier works or any copies thereof currently in their possession, custody, or control.

5. The Court finds that Plaintiff has demonstrated Defendants' ability and willingness to sell unique Maier works and instruments of infringement in their possession, custody, or control to a buyer or buyers beyond the jurisdiction of U.S. courts.

6. The Court finds that the assignment, sale, or transfer of original Maier works or any copies thereof in Defendants' possession would likely deprive the Estate of crucial remedies sought in its Verified Complaint.

7. The Court finds that the irreparable harm that the nonmoving party will suffer if the preliminary relief is granted is outweighed by the potential harm to Plaintiff if an injunction is not issued.

8. The Court finds that the public interest is best served by upholding Plaintiff's rights in its copyrights and by maintaining the status quo.

Accordingly, the Court issues this Order temporarily:

1. Restraining Defendants from advertising, offering for sale, selling, distributing, transferring, assigning, destroying, or concealing any original Maier works or copies of Maier works that are in Defendants' possession;

2. Requiring Defendants to transfer to the Court all film negatives, prints, and digitized versions of Maier works in Defendants' possession, custody, or control from which copies of Maier works could be made;

3. Preventing the fraudulent transfer of assets so that the Estate's right to an equitable accounting of Defendants' profits from sales of counterfeit Maier works is preserved;

4. Granting the Estate's request to conduct expedited discovery concerning an identification of all Maier works in Defendants' possession, custody or control; production of all documents relating to Defendants' ownership, exploitation, transfer, licensing, and sale of Maier works and any copies thereof, including any financial accounts related thereto or revenue, income, or profits derived therefrom.

### ORDER AS TO BOND

This Order shall be granted on the condition that an undertaking in the sum of $10,000 be filed by Plaintiff to make good such damages, not to exceed such sum, as may be sustained by the Defendants if this Temporary Restraining Order shall have wrongfully issued.

It is further ordered that the Temporary Restraining Order granted herein shall expire on MAY 5, 2017 unless within such time the Order is extended, or unless, as to any Defendant, the Defendants consent that it should be extended for a longer period of time.

**SO ORDERED.**

Dated this 25th day of April, 2017.

_____
Honorable Judge

5:43 PM